IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHESTER B. HARRIS, JR. #422-566** | * |
| | *   Civil Action No.  PWG-14-3136 |
| **Petitioner,** | * |
| | * |
| **v.** | * |
| | * |
| **SOLOMAN HEJERIKA, et al.** | * |
| | * |
| **Respondents.** | * |
| | *** |

## MEMORANDUM OPINION

Petitioner Chester B. Harris, Jr., is an inmate at Jessup Correctional Institute.  Pending is Harris's Petition for Writ of Habeas Corpus challenging the denial of his parole pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondents, Soloman Hejerika, warden of the Metropolitan Transitional Center, and the Attorney General of the State of Maryland, have filed an answer moving for dismissal of the Petition for lack of exhaustion. Also pending are Harris's Motion for Clerk's Entry of Default, ECF No. 5, and Motion for Default Judgment, ECF No. 6.  This Court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2014); Rule 8, *Rules Governing Section 2254 Cases in the United States District Courts*.

Counsel for Respondents entered her appearance and filed an answer on December 8, 2014, seeking dismissal of the Petition as unexhausted.  ECF No. 8.  The answer was filed after the forty-day period to show cause had elapsed.  *See* ECF No. 3.   In light of the untimely response, Harris moved for default judgment.  ECF Nos. 5 & 6.  The Motion for Clerk's Entry of Default, ECF No. 5, and the Motion for Default Judgment, ECF No. 6, are denied, as courts do not impose case-dispositive sanctions for what appears to be a one-time, non-prejudicial, honest mistake in meeting a filing deadline. *See, e.g.*, *United Coin Meter Co., v. Seaboard Coastline*

*R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases.").

In his Petition, Harris claims Hearing Officer Mya Collins and Parole Commissioner Meehan deprived him of due process by discriminating against him on the basis of his mental health and denied him his right to equal protection.[1]  ECF No. 1.  Harris presented substantially the same claims in a related civil rights proceeding filed pursuant to 42 U.S.C. §1983 in *Harris v. Meehan,* No. PWG-14-3135, 2015 WL 4717254 (D. Md. Aug. 6, 2015) [hereinafter *Harris I*].  In that case, Harris named as defendants Mattie Meehan, Collins, and the Maryland Parole Commission.  *Id.*

On August 6, 2015, I determined that Harris had not fully presented any of the claims raised in that case in state court and dismissed the case.  *Id.* at *4.  Further, I concluded Harris had "fail[ed] to show his confinement was in derogation of his constitutional rights" and had demonstrated "no grounds for habeas corpus relief."  *Id.* at *2 n.2.

Similarly, Harris fails in the instant case to demonstrate his denial of parole violated his right to due process or otherwise abridged his constitutional rights.  Conclusory assertions of discrimination and denial of due process and equal protection, ECF No. 1, at 9, are insufficient to establish grounds for habeas relief.  Harris's general assertion that the Maryland Parole Commission has released on parole "other similarly situated inmates" whereas he has made an equal or greater effort at rehabilitation does not establish a constitutional claim.  *Id.* at 10.  Harris's claim that he was wrongfully discriminated against due to his mental health is belied by his parole records in *Harris I*.  *See Harris I*, 2015 WL 4717254 at *3.  The parole decision was

---

[1] At the time Harris filed the Petition, he was housed at the Metropolitan Transitional Center, where Solomon Hejirika was warden. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-47 (2004) (noting that proper respondent in habeas action is a petitioner's warden).  Harris is presently housed at the Jessup Correctional Institution.

based on Harris's criminal and supervision history, not on his self-reported mental health issues. *Id.* Even if Harris's mental health status had been considered, however, the parole statute directs consideration of an inmate's "physical, mental, and moral qualifications" in making parole determinations. *See* Md. Code Ann., Corr. Servs. § 7–305(2).

Additionally, 28 U.S.C. § 2254 requires a state prisoner seeking federal habeas corpus relief to first present each of his claims to the state courts having jurisdiction to consider them. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842–49 (1999); *Gray v. Netherland*, 518 U.S. 152, 161-64 (1996); *Coleman v. Thompson,* 501 U.S. 722, 731–32 (1991). To satisfy the requirement, a state prisoner must have fairly presented both the same legal claims and the same supporting facts to each of the appropriate state courts. *See Gray,* 518 U.S. at 162–63. Harris does not show that he has has fully presented any of the claims raised in this case to the state circuit court, and the Petition will be dismissed without prejudice.

*In Slack v. McDaniel,* 529 U.S. 473, 484 (2000), the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Harris does not satisfy this standard, and a Certificate of Appealability shall not be issued. A separate Order follows.

  September 16, 2015                              /S/
Date                                              Paul W. Grimm
                                                  United States District Judge